G. Thomas Martin, III, Esq. (SBN 218456)§
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
4605 Lankershim Blvd., Suite 535
Toluca Lake, CA 91602
Telephone: 323.940.1700
Facsimile: 323.328.8095
tom@mblawapc.com
nick@mblawapc.com
Attorneys for Plaintiff
MARAL MAVYAN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MARAL MAVYAN,<br><br>       Plaintiff,<br><br>   vs.<br><br>CHASE BANK USA, N.A., n/k/a JPMORGAN CHASE BANK, N.A.,<br><br>       Defendant(s). | Case No.: 2:21-cv-2566<br><br>**COMPLAINT FOR VIOLATIONS OF THE:**<br><br>1) **EQUAL CREDIT OPPORTUNITY ACT, 15 U.S.C. §1691 *ET. SEQ;***<br>2) **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT;**<br>3) **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE § 1788 *ET. SEQ*.)** |

## INTRODUCTION

1.  MARAL MAVYAN (Plaintiff), through her attorneys, brings this action to secure redress from CHASE BANK USA, N.A., n/k/a JPMORGAN CHASE

- 1 -

BANK, N.A. ("Defendant") for violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et. seq. ("ECOA"), the California Consumer Credit Reporting Agencies Act ("CCRAA"), and the Rosenthal Fair Debt Collection Practices Act.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et. seq.

3.  Jurisdiction of this Court arises pursuant to 15 U.S.C. §1691(f), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

4.  Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Defendant, a corporation, maintains business offices throughout California and does or transacts business within this District and Plaintiff resides within this district.

5.  Plaintiff is a natural person residing in Los Angeles County, State of California.

6.  Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and is a "debt collector" as defined by the RFDCPA.

7.  Defendant engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a). Defendant is a "person" as defined by the FCRA, Section 1681a(b), and Cal. Civ. Code § 1785.3(j).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

9.  Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers,

1  directors or managing agents of Defendant, or as their agents, servants, employees,
2  and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS

4      10.    Plaintiff brings this action against Defendant for discrimination in violation of the Federal Equal Opportunity Credit Opportunity Act, Equal Credit Opportunity Act ("ECOA"), 15 U.S.C §§ 1691 et. seq. and its implementing regulation, Regulation B, 12 C.F.R. § 202, and for violating Plaintiff's rights under the California Consumer Credit Reporting Agencies Act and the Rosenthal Fair Debt Collection Practices Act.

    11.    Plaintiff is a natural person who resides in Los Angeles County, California.

    12.    Plaintiff is an "applicant" within the meaning of the ECOA, 15 U.S.C. § 1691(a), and ECOA Regulations, 12 C.F.R. § 202.2(e).

    13.    Defendant is a federally chartered bank and is a "creditor" within the meaning of the ECOA, 15 U.S.C. § 1691a(e).

    14.    Plaintiff previously brought an action against Defendant under the Consumer Credit Protection Act.

    15.    Because Plaintiff previously brought an action against Defendant under the Consumer Credit Protection Act, Defendant did not provide notice to Plaintiff that her account ending in 7621 was delinquent and would be negatively credit-reported prior to negatively reporting Plaintiff with respect to this account.

    16.    Regulation B, and Title VII of the Consumer Credit Protection Act prohibits discrimination on the basis of race, color, religion, national origin, sex, marital status, age, receipt of public assistance, or good faith exercise of any rights under the Consumer Credit Protection Act.

    17.    Cal. Civ. Code § 1785.26 provides that a creditor may submit negative credit information concerning a consumer to a consumer credit reporting agency, only if the creditor notifies the consumer affected. After providing this notice, a

creditor may submit additional information to a credit reporting agency respecting the same transaction or extension of credit that gave rise to the original negative credit information without providing additional notice.

18. Defendant did not provide notice to Plaintiff prior to negatively credit-reporting her and failed to comply with Cal. Civ. Code § 1785.26. Defendant failed to provide said notice because Plaintiff previously brought an action Defendant under the Consumer Credit Protection Act, in violation of the Equal Credit Opportunity Act.

19. Defendant provided no notice to Plaintiff prior to negatively credit-reporting her in violation of Cal. Civ. Code § 1785.26.

20. Plaintiff also sent notice to Defendant numerous times that Defendant never provided notice to her before negative credit-reporting numerous times and has demanded that Defendant rectify the negative credit-reporting it furnished to the credit bureaus, but Defendant has refused.

21. In November and December, 2020 and in January, 2021, Plaintiff disputed Defendant's various aspects of Defendant's credit-reporting on the account, but as of the present date, Defendant has failed to notate Plaintiff's dispute on Plaintiff's credit file.  Defendant's willful failure to report the account as disputed to the credit bureaus renders its credit false, inaccurate and materially misleading.

22. Defendant's negative credit-reporting Plaintiff as 30, 60 and 90 days, and charging-off the account without providing notice to Plaintiff, in violation of Cal. Civ. Code § 1785.26, constitute unfair and unconscionable and illegal efforts to collect debt from Plaintiff.

23. As a direct and proximate result of result of Defendant's above-referenced violations of the law, Plaintiff has suffered actual damages including,

but not limited to, reviewing credit reports, attorney's fees, and such further expenses in an amount to be determined at trial.

24. As a further direct and proximate result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

25. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from injury to his credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

26. As a result of Defendant's conduct, Plaintiff has suffered decreased credit score as a result of errors and omissions appearing on Plaintiff's credit file, diminishing his existing and future creditworthiness.

## FIRST CAUSE OF ACTION

**(Violations of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691)**

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. This action is brought by Plaintiffs to enforce the provisions of the ECQA, 15 U.S.C §§ 1691-1691(1).

29. Defendant is a creditor as defined by the ECOA. 15 U.S.C. § 1691a(e), and is therefore subject to the requirements of the ECOA and its implementing regulation.

30. Defendant's policies and demonstrated practice constitute a resistance to the full enjoyment of Plaintiff's rights secured by the ECOA, 15 U.S.C. §§ 1691-1691 and Regulation B, 12 C.F.R. § 202.

31. Plaintiff, as a victim of Defendant's discriminatory policies and practices, is an aggrieved person as defined in the ECOA, and have suffered damages as a result of Defendant's conduct as described herein.

32. Defendant has unlawfully discriminated against Plaintiff in violation of the ECOA, 15 U.S.C. §§ 1691 et seq. and its implementing Regulation 12 C.F.R. § 202.

33. Plaintiff is entitled to a permanent injunction against Defendant's unlawful policy of discrimination in an ongoing violation, pursuant to 15 U.S.C § 1691e(c).

34. Plaintiff is also entitled to declaratory relief, declaring Defendants' policy violative of the ECOA, 15 U.S.CA. §§ 1691 et seq. ECOA, 15 U.S.C. §§ 1691 et seq. and its implementing Regulation 12 C.F.R. § 202.

35. Plaintiff is entitled to reasonable attorneys' fees and costs of the action from Defendant pursuant to 15 U.S.C. § 1691e(d).

## SECOND CAUSE OF ACTION

**(Violations of the California Consumer Credit Reporting Agencies Act)**

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Cal. Civ. Code § 1785.26 states in pertinent part as follows:

(a) As used in this section:

(1) "Creditor" includes an agent or assignee of a creditor, including an agent engaged in administering or collecting the creditor's accounts.

(2) "Negative credit information" means information concerning the credit history of a consumer that, because of the consumer's past delinquencies, late or irregular payment history, insolvency, or any form of default, would reasonably be expected to affect adversely the consumer's ability to obtain or maintain credit. "Negative credit information" does not include information or credit histories arising from a nonconsumer transaction or any other credit transaction outside the scope of this title, nor does it include inquiries about a consumer's credit record.

- 6 -

COMPLAINT FOR DAMAGES

(b) A creditor may submit negative credit information concerning a consumer to a consumer credit reporting agency, only if the creditor notifies the consumer affected. After providing this notice, a creditor may submit additional information to a credit reporting agency respecting the same transaction or extension of credit that gave rise to the original negative credit information without providing additional notice.

(c) The notice shall be in writing and shall be delivered in person or mailed first class, postage prepaid, to the party's last known address, prior to or within 30 days after the transmission of the negative credit information.

(1) The notice may be part of any notice of default, billing statement, or other correspondence, and may be included as preprinted or standard form language in any of these from the creditor to the consumer.

(2) The notice is sufficient if it is in substantially the following form: "As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."

(3) The notice may, in the creditor's discretion, be more specific than the form given in paragraph (2). The notice may include, but shall not be limited to, particular information regarding an account or information respecting the approximate date on which the creditor submitted or intends to submit a negative credit report.

(4) The giving of notice by a creditor as provided in this subdivision does not create any requirement for the creditor to actually submit negative credit information to a consumer credit reporting agency. However, this section shall not be construed to authorize the use of notice as provided in this subdivision in

violation of the federal Fair Debt Collection Practices Act (15 U.S.C., Sec. 1592 et seq.).

(d)     A creditor is liable for failure to provide notice pursuant to this section, unless the creditor establishes, by a preponderance of the evidence, that at the time of that failure to give notice the creditor maintained reasonable procedures to comply with this section.

38.     California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

39.     California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

40.     California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

41.     Defendant provided no notice to Plaintiff prior to negatively credit-reporting her in violation of Cal. Civ. Code § 1785.26.

42.     Plaintiff also sent notice to Defendant numerous times that Defendant never provided notice to her before negative credit-reporting numerous times and has demanded that Defendant rectify the negative credit-reporting it furnished to the credit bureaus but Defendant has refused.

43.   In November, December, 2020 and in January, 2021, Plaintiff disputed Defendant's various aspects of Defendant's credit-reporting on the account, but as of the present date, Defendant has failed to notate Plaintiff's dispute on Plaintiff's credit file. Defendant's willful failure to report the account as disputed to the credit bureaus renders its credit false, inaccurate and materially misleading.

44.   Based on these violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

45.    As a result of the foregoing violations of the CCRAA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## THIRD CAUSE OF ACTION

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

**(Against Defendant)**

46.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.   Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(c)   Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), in the following ways:

(1) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(2) Defendant violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(3) Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt;

(4) Defendant violated 15 U.S.C. §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt.

48. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

49. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARAL MAYVAN, respectfully requests judgment be entered against Defendant, for the following:

1) Declaring that Defendant's policies and practice violate the ECOA;

2) Actual damages from Defendant pursuant to 15 U.S.C. § 1691e(a);

3) Punitive damages from Defendant pursuant to 15 U.S.C. § 1691e(b);

4) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1691e(b);

5) Actual damages, statutory damages and attorneys' fees per Cal. Civ. Code § 1788.30.

6) Actual damages, punitive damages and attorneys' fees per Cal. Civ. Code §1785.31;

7)     For prejudgment interest at the legal rate; and

8)     Any other relief this Honorable Court deems appropriate.

## **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

RESPECTFULLY SUBMITTED,

Dated: March 24, 2021     **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*